La Jueza Asociada Señora Pabón Charneco
emitió la opinión del Tribunal.
El peticionario Lie. Emilio Augusto Montañez Delerme (licenciado Montañez Delerme) nos solicita la revisión de una sentencia del Tribunal de Apelaciones. Mediante dicho dictamen, el foro intermedio apelativo revocó el dictamen del Tribunal de Primera Instancia que denegó un escrito intitulado Regla 49.2 (Inciso 1, 4) — Moción para que se Deje sin Efecto Sentencia Parcial Dictada el 19 de Octubre de 2006 y Notificada el 30 de Octubre de 2006, presentado por la parte demandante del caso de autos. En consecuen-cia, el Tribunal de Apelaciones dejó sin efecto una senten-cia parcial emitida por el Tribunal de Primera Instancia que había desestimado la demanda en contra del licenciado Montañez Delerme.
El recurso de autos nos brinda la oportunidad de deter-minar si la ausencia de un notario, que se alega es parte indispensable, puede justificar el relevo de una sentencia bajo la Regla 49.2 de Procedimiento Civil, infra.(1) Previo a iniciar nuestro análisis, expondremos los hechos que die-ron génesis a la controversia de autos. Dichos hechos se *534 iniciaron con una serie de eventos sucesorios separados que eventualmente se entrelazaron.
I
El 2 de septiembre de 1980 el Sr. Gabriel González Couvertier (el testador), otorgó testamento abierto ante el licenciado Montañez Delerme. El testador instituyó a su esposa, Sra. Mercedes García Colón, como heredera del ter-cio de libre disposición, así como al hijo de ésta, Efraín Rodríguez García, y a todos sus otros hijos. En el tercio de mejora, el testador instituyó como único heredero a su hijo Daniel González Quijano, y en el tercio de legítima es-tricta, a sus siete hijos de nombre: Isabel, Elsa y Daniel todos de apellidos González Quijano; Ada, Eva e Ida, todos de apellidos González Ortega y Elena González Félix. El testador falleció dejando el testamento como reflejo de su última voluntad.
Por otra parte, el hijo de la Sra. Mercedes García Colón, a saber, Efraín Rodríguez García, falleció tres días después de otorgar un testamento abierto(2) ante el licenciado Mon-tañez Delerme. En este testamento el Sr. Efraín Rodríguez García instituyó como heredera del tercio de libre disposi-ción a su esposa, Sra. Helga Del Valle Torres; en el tercio de mejoras instituyó a sus tres hijos, Efraín, Reynaldo y Verónica, todos de apellidos Rodríguez Del Valle, y a su nieta Liliana María González Rodríguez; y en el tercio de legítima estricta a sus cuatro hijos: Evelyn Milagros Rodrí-guez De Jesús y Efraín, Reynaldo y Verónica, estos últimos de apellidos Rodríguez Del Valle.
Así las cosas, el Registrador de la Propiedad se negó a inscribir unas escrituras de compraventa de un inmueble que alegadamente formaban parte de la Sucesión de Efraín Rodríguez García en las que comparecían como otorgantes *535 la Sucesión de un lado y la viuda del Sr. Efraín Rodríguez García, Helga Valle Torres, del otro. El Registrador de la Propiedad descansó su determinación en que el testamento otorgado por el Sr. Efraín Rodríguez García, de donde na-cía el título de propiedad sobre el inmueble en particular y se establecía el correspondiente tracto de dominio, era nulo ya que el notario, a saber, el licenciado Montañez Delerme, no hizo constar en el testamento que conocía personal-mente a los testigos instrumentales. Ante la negativa del Registrador de la Propiedad a inscribir, el licenciado Mon-tañez Delerme instó una petición de Declaratoria de Here-deros de la Sucesión de Efraín Rodríguez García ante el Tribunal de Primera Instancia (Caso Núm. KJV04-2718). En consecuencia, el 14 de enero de 2005 el foro de instan-cia declaró como únicos y universales herederos del Sr. Efraín Rodríguez García a sus cuatro hijos, a saber, Efraín, Reynaldo y Verónica, todos de apellidos Rodríguez Del Va-lle, y Evelyn Milagros Rodríguez De Jesús, así como a la viuda del Sr. Efraín Rodríguez García, Sra. Helga Del Valle Torres, en la cuota viudal usufructuaria.
Posteriormente, en julio de 2006, la Sucesión de Efraín Rodríguez García y Mercedes García Colón, madre de éste, presentaron la demanda que da génesis a la controversia de autos. Como partes demandadas figuraron, entre otros, la Sucesión de Gabriel García Couvertier, el licenciado Montañez Delerme, su esposa y la Sociedad de Bienes Ga-nanciales compuesta por ambos, así como la compañía ase-guradora del licenciado.
En la demanda instada, los demandantes incluyeron va-rias causas de acción. Es la tercera causa de acción de la demanda la que nos compete en esta ocasión; a saber, la solicitud de Sentencia Declaratoria y Nulidad del Testa-mento Abierto otorgado por el Sr. Efraín Rodríguez García. En particular, se alegó en la demanda que el licenciado Montañez Delerme había autorizado el testamento abierto de Efraín Rodríguez García; que el testamento había sido *536 calificado como nulo y no inscribible por el Registrador de la Propiedad, ya que no se hizo constar en el documento que conocía a los testigos instrumentales y que por razón de lo anterior el licenciado Montañez Delerme gestionó la Declaratoria de Herederos del Sr. Efraín Rodríguez García el 14 de enero de 2002. Para obtener la Declaratoria de Herederos fue admitido en el tribunal que el Sr. Efraín Rodríguez García había otorgado Testamento Abierto pero que el documento “tenía un defecto que [impedía] inscribir los bienes del causante en el Registro de la Propiedad”. (Corchetes en el original.) Apéndice de la Petición de cer-tiorari, pág. 4.
Los demandantes peticionaron al Tribunal de Primera Instancia que emitiera una sentencia declaratoria para de-terminar si el licenciado Montañez Delerme había cum-plido con las formalidades de ley al autorizar los testamen-tos del causante y del Sr. Efraín Rodríguez García, para determinar sobre su responsabilidad de acuerdo con el Art. 655 del Código Civil, 31 L.P.R.A. see. 2192.(3)
Los demandantes sostuvieron, a su vez, que el testa-mento abierto otorgado por Gabriel González Couvertier también era nulo, por defectos similares al que presentó el del Sr. Efraín Rodríguez García, por lo que el licenciado Montañez Delerme tenía la responsabilidad de sostener la legalidad de los testamentos o responder en daños a los herederos de las sucesiones de ambos testadores. Por tal razón, los demandantes reclamaron que el Tribunal de Pri-mera Instancia celebrara una vista para determinar si los dos testamentos en controversia eran nulos, de acuerdo con las disposiciones del Código Civil e impusiera respon-sabilidad al notario autorizante, licenciado Montañez Delerme.
Así las cosas, el licenciado Montañez Delerme interpuso *537 una moción de desestimación. Alegó en el escrito que los demandantes no contaban con una causa de acción real y justiciable contra él. A tales fines, argüyó que un notario no era parte indispensable en el procedimiento de nulidad de un testamento por él autorizado, debido a que el posible perjuicio o lesión que éste pudo causar era contingente y estaba supeditado a que en el futuro ocurrieran una serie de eventos y circunstancias que no necesariamente tenían que darse. El licenciado Montañez Delerme apuntó que la reclamación era prematura antes de que se decretara váli-damente la nulidad del testamento por un tribunal y que lo obligaba a defenderse de unos daños que en ese momento eran inexistentes. Fue contención del licenciado Montañez Delerme que la acción instada contra él pretendía que se reservara en su contra una posible causa de acción al am-paro del Art. 655 del Código Civil, supra.
Evaluados los argumentos esgrimidos por el licenciado Montañez Delerme, el Tribunal de Primera Instancia los acogió y dictó sentencia parcial, desestimando la demanda contra el licenciado Montañez Delerme. (4)
Ante lo anterior, los demandantes presentaron el 27 de noviembre de 2006 un escrito intitulado Regla 49.2 (Inciso 1, 4) — Moción para que se Deje sin Efecto Sentencia Par-cial Dictada el 19 de Octubre de 2006 y Notificada el 30 de Octubre de 2006. En síntesis, adujeron que las actuaciones del licenciado Montañez Delerme habían ocasionado daños a una de las herederas demandantes. Sostuvieron que el Sr. Efraín Rodríguez García instituyó en el tercio de libre disposición a su esposa Helga Del Valle Torres y al no to-marse en cuenta el testamento abierto suscrito, y solici-tarse, posteriormente, una declaratoria de herederos, la viuda había perdido su derecho al tercio de libre disposición. En consecuencia, los hijos del Sr. Efraín Rodrí-guez García pasaron a ser los herederos únicos y universa- *538 les del caudal de éste. Fue contención de los demandantes que el licenciado Montañez Delerme había causado daños a una heredera voluntaria al autorizar un testamento nulo o al no defender la legalidad del testamento abierto ante el Inspector de Protocolos, el Registro de la Propiedad y ante este Tribunal, mediante un recurso gubernativo.
Asimismo, los demandantes plantearon que este Tribunal había resuelto que el notario no era parte indispensable en el pleito cuando el daño no era real ni inmediato, sino contingente. No obstante, argüyeron que cuando el licenciado Montañez Delerme aceptó la calificación del Re-gistrador de la Propiedad y gestionó la Declaratoria de He-rederos privó del tercio de libre disposición a una de las demandantes, cuyos bienes pasaron al patrimonio de los otros herederos, por lo que se trataba de un daño real e inmediato.
Por último, los demandantes plantearon falta de parte indispensable, ya que la notificación de la desestimación de la demanda se había notificado únicamente a ellos, sin to-mar en consideración que existían otros demandados que aún no estaban bajo la jurisdicción del tribunal y que po-drían sufrir daños si se declaraba nulo el testamento abierto en controversia. Evaluados los argumentos, el Tribunal de Primera Instancia denegó el petitorio de los demandantes.
Insatisfechos, los demandantes acudieron al Tribunal de Apelaciones. Mediante la Sentencia de 21 de diciembre de 2007 dicho foro intermedio revocó el dictamen del Tribunal de Primera Instancia. En consecuencia, dejó sin efecto la Sentencia Parcial del Tribunal de Primera Instancia. A su vez, el Tribunal de Apelaciones se expresó sobre otros asuntos que surgían de la petición de certiorari incoada. Cabe apuntar que dicho foro apelativo guardó si-lencio sobre el alcance de revisión judicial al amparo de la mencionada Regla 49.2 de Procedimiento Civil, infra.
*539 Inconforme, el licenciado Montañez Delerme acude ante nos planteando los errores siguientes:
Incidió el Tribunal de Apelaciones al entender en un procedi-miento en el cual carecía de jurisdicción. Incidió el Tribunal de Apelaciones al revocar una Sentencia [Parcial] final y firme emitida por el Tribunal de Primera Instancia.
Examinado el recurso, expedimos el auto solicitado. Contando con el beneficio de la comparecencia de los de-mandantes, procedemos a resolver.
II
La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. De Jesús Viñas v. González Lugo, 170 D.P.R. 499, 513 (2007); Náter v. Ramos, 162 D.P.R. 616, 624 (2004). Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones, Íd.; Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445, 449 (1977).
En lo pertinente, dicho precepto indica:
Mediante moción y bajo aquellas condiciones que sean jus-tas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguien-tes razones:
1. Error, inadvertencia, sorpresa, o negligencia excusable;
2. descubrimiento de evidencia esencial ...;
3. fraude ... falsa representación u otra conducta impropia de una parte adversa;
4. nulidad de sentencia;
5. la sentencia ha sido satisfecha, renunciada o se ha cum-plido con ella ...;
6. cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 L.P.R.A. Ap. Ill, R. 49.2.
*540 Este precepto procesal civil tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por el otro, que los litigios lleguen a su fin. Náter v. Ramos, supra; Municipio de Coamo v. Tribunal Superior, 99 D.P.R. 932, 936-937 (1971). Véanse, además: J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, pág. 784; 11 Wright, Miller and Kane, Federal Practice and Procedure: Federal Rules of Civil Procedure Sec. 2857, págs. 256-257 (1995).
Para que proceda el relevo de sentencia según la Regla 49.2 de Procedimiento Civil, supra, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. Reyes v. E.L.A. et al., 155 D.P.R. 799, 809 (2001). Véanse, en general: Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, (1986); Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966). Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. Rivera v. Algarín, 159 D.P.R. 482, 490 (2003); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 823-824 (1980); R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis, 2007, See. 4803, pág. 352.
Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989); Dávila v. Hosp. San Miguel, Inc., supra. Así, si la parte que solicita el relevo aduce una buena defensa —además de alguna de las circunstancias *541 previstas en la Regla 49.2 de Procedimiento Civil, supra, ya mencionadas— y el relevo no ocasiona perjuicio alguno a la parte contraria, éste debe ser concedido. De ahí que, como regla general, la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 507 (1982); Fine Art Wallpaper v. Wolff, 102 D.P.R. 451, 459 (1974).
Hemos expresado, además, que el precepto debe “interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos”. Díaz v. Tribunal Superior, supra, pág. 87. Empero, la consabida regla no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración. Olmeda Nazario v. Sueiro Jiménez, supra, pág. 299; Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 61, 73 (1987); Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974). Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación.
Este Tribunal ha indicado que una interpretación liberal de la regla permite que se considere una moción de reconsideración como una de relevo de sentencia. Esto aunque haya transcurrido el término para considerar la reconsideración o aun después de que haya advenido final y firme la sentencia, siempre y cuando la referida moción cumpla estrictamente con los requisitos establecidos en dicha regla. Reyes v. E.L.A. et al., supra, pág. 810; Vega v. Alicea, 145 D.P.R. 236, 243-244 (1998); Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314, 328 (1997). Es decir, una moción de reconsideración que aduzca los fundamentos subsumidos en la Regla 49.2 de Procedimiento Civil, supra, puede ser considerada como una moción de relevo de sentencia, aim si es presentada después de los quince días. Hernández Colón, op. cit., See. 4801, pág. 351.
*542 En el caso de autos la moción de relevo de sentencia presentada por la parte demandante se instó a base de los remedios provistos por los incisos (1) y (4) de la Regla 49.2 de Procedimiento Civil, supra. Por tal razón, debemos dis-cutir la normativa que regenta la petición de relevo de sen-tencia en esos incisos.
Cuando se solicita el remedio provisto por el inciso (1) de la Regla 49.2 de Procedimiento Civil, supra, no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos y causas específicas que constituyen la justificación de la omisión. Díaz v. Tribunal Superior, supra, pág. 89. Así, el promovente debe demostrar mediante preponderancia de prueba los hechos que justifican la moción. Olmeda Nazario v. Sueiro Jiménez, supra, pág. 300.
Además de la demostración de error, inadvertencia, sor-presa o negligencia excusable, también tiene que existir una defensa meritoria. Véanse: Cuevas Segarra, op. cit., pág. 791; Hernández Colón, op. cit., See. 4803, pág. 353. Cuando se solicite el remedio reconocido en el inciso en discusión, le corresponde al tribunal hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas de éste, hubo error, inadvertencia o sorpresa. Vázquez v. López, 160 D.P.R. 714, 726 (2003); Cuevas Segarra, op. cit., pág. 790.
En cuanto al error como fundamento para la moción de relevo, éste puede ser de la parte promovente, de la parte adversa, o del juez, pero debe ser un error extrínseco a la sentencia u orden. Hernández Colón, op. cit., See. 4804, pág. 353. Es necesario que la parte que alega la comisión del error, presente la prueba extrínseca a los autos que lo acredita. Id.
Cabe señalar que la moción de relevo de sentencia *543 no está disponible para corregir errores de derecho ni erro-res de apreciación o valoración de la prueba; estos son fun-damentos para reconsideración o apelación pero no para el relevo. Hernández Colón, op. cit., See. 4804, pág. 353.
Según este fundamento, la moción de relevo debe presentarse dentro de un término razonable que en ningún caso exceda los seis meses que para ello dispone la Regla 49.2 de Procedimiento Civil, supra. Piazza v. Isla del Río, Inc., 158 D.P.R. 440, 449 (2003). Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. Bco. Santander P.R. v. Fajardo Farms Corp., 141 D.P.R. 237, 243 (1996).
Por otro lado, el inciso (4) de la Regla 49.2 de Procedimiento Civil, supra, otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley. Figueroa v. Banco de San Juan, 108 D.P.R. 680, 688 (1979); E.L.A. v. Tribunal Superior, 86 D.P.R. 692, 697-698 (1962); Rodríguez v. Registrador, 75 D.P.R. 712, 718 (1953). Véanse: Hernández Colón, op. cit., Sec. 4807, pág. 354; Cuevas Segarra, op. cit., págs. 795-796. Véanse, además: Hoult v. Hoult, 57 F.3d. 1, 6 (1er Cir. 1995); In re Hunter, 66 F.3d 1002, 1005 (1995).(5)
Es importante destacar que según este fundamento no hay margen de discreción, como sí lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, supra; si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la de- *544 fensa o la reclamación del perjudicado.(6) Hernández Colón, op. cit., See. 4807, pág. 355; Wright, Miller and Kane, supra, Sec. 2862, pág. 322. Sobre el particular ha manifes-tado este Tribunal que
... la discreción que tiene un tribunal, al amparo de las dis-posiciones de la referida Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia re-sulta inaplicable cuando se trata de una sentencia que es “nula”; si es nula, no hay discreción para el relevo, hay obliga-ción de decretarla nula.(7)
Es inescapable la conclusión, en consecuencia, que ante la certeza de nulidad de una sentencia, resulta mandatorio de-clarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterio-ridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil. (Citas omitidas.) Montañez v. Policía de Puerto Rico, 150 D.P.R. 917, 922 (2000). Véanse: Bco. Santander P.R. v. Fajardo Farms Corp., 141 D.P.R. 237, [243-244] (1996); Figueroa v. Banco de San Juan, 108 D.P.R. 680, [689] (1979). Véase, además, Kooman, supra, Sec. 60.6, págs. 246-247.
En cuanto al fundamento de nulidad de sentencia por violación del debido proceso de ley, el profesor de derecho Rafael Hernández Colón apunta que “pueden haber tantas manifestaciones del mismo como principios del debido pro-ceso existen y que se hayan quebrantado en un caso en especial”. Hernández Colón, op. cit., Sec. 4807, pág. 355. En similares términos se expresa el procesalista James William Moore al señalar: “[t]here is no theoretical limit to the possibilities that a judgment could be void because a court ... has acted in a manner inconsistent with due process of law.” Moore, supra, Sec. 60.44(4), pág. 60-161.
*545 III
El licenciado Montañez Delerme arguye que la parte de-mandante no apeló la sentencia parcial emitida por el Tribunal de Primera Instancia dentro del término jurisdiccio-nal de treinta días establecido por el ordenamiento jurídico. Argumenta que el Tribunal de Apelaciones no con-taba con jurisdicción para entender en el recurso por la sentencia haber advenido final y firme sin ser apelable. Del análisis de su argumentación podemos colegir que el licenciado Montañez Delerme hace referencia a lo apun-tado reiteradamente por este Foro a efectos de que una moción al amparo de la Regla 49.2 de Procedimiento Civil, supra, no sustituye los recursos de apelación o reconsideración. Olmeda Nazario v. Sueiro Jiménez, supra.
De un análisis del tracto procesal del caso de autos, se desprende que la sentencia apelada fue emitida el 19 de octubre de 2006 y notificada el 30 de octubre de 2006. El 27 de noviembre de 2006, transcurrido el término jurisdiccio-nal de quince días para instar una solicitud de reconside-ración al amparo de la Regla 47 de Procedimiento Civil, supra,(8) los demandantes presentaron un escrito intitu-lado Regla 49.2 (Inciso 1, 4) — Moción para que se Deje Sin Efecto Sentencia Parcial Dictada el 19 de octubre de 2006 y Notificada el 30 de Octubre de 2006.
Como surge de la discusión esbozada en el acápite anterior, el ordenamiento procesal civil dispone de un término de seis meses para la presentación de una moción de relevo de sentencia bajo el inciso (1), ya que, como hemos desta-cado, bajo el inciso (4) dicho plazo no es absoluto. Al am- *546 paro de dicha normativa, los demandantes presentaron su escrito dentro del término estatuido. Además, no fue hasta que el foro de instancia resolvió denegar la petición de re-levo de sentencia presentada por los demandantes, que és-tos acudieron ante el Tribunal de Apelaciones, mediante recurso de certiorari, para que dicho foro revocara la sen-tencia parcial emitida por el tribunal de instancia.(9) Bajo estas circunstancias, el Tribunal de Apelaciones podía ex-pedir el certiorari en el caso de autos.
Sin embargo, la pregunta que el foro apelativo interme-dio debía responder,(10) y que ahora nos corresponde diluci-dar, es si la moción de relevo de sentencia justificaba la concesión del relevo bajo el inciso (1) o (4) de la Regla 49.2 de Procedimiento Civil, supra, conforme fue peticionado por los demandantes.
Como hemos visto, el Tribunal de Primera Instancia de-bía evaluar el petitorio de los demandantes asegurándose que éstos adujeran al tribunal al menos una de las razones enumeradas en la Regla 49.2 de Procedimiento Civil, supra. Esto es, los demandantes tenían el deber de justifi-car su solicitud amparándose necesariamente en una de *547 las razones dispuestas en el citado precepto. Díaz v. Tribunal Superior, supra; Dávila v. Hosp. San Miguel, Inc., supra.
A priori, de una lectura de la moción de relevo de sen-tencia presentada por la parte demandante, y en relación al inciso (1) de la Regla 49.2 de Procedimiento Civil, supra, no surge ninguna de las instancias que hubieran permitido al Tribunal de Primera Instancia acoger los planteamien-tos de los demandantes para ser evaluados bajo el crisol de dicho inciso. O sea, el escrito guarda silencio respecto a cuáles hechos dieron origen a error, sorpresa o negligencia excusable.
Aun si concluyéramos que el foro de instancia cometió un error al dictaminar su sentencia, se trataría de un error de derecho que no da margen al relevo. Esto es así, porque lo que está en discusión con relación a la susodicha senten-cia, es si el licenciado Montañez Delerme es parte indispensable en la acción de sentencia declaratoria incoada por los demandantes.(11) Es decir, se trata de un error intrín-seco y no extrínseco a la sentencia. Por eso, entendemos que el Tribunal de Primera Instancia no incidió al denegar el petitorio de los demandantes bajo el crisol del inciso (1) de la Regla 49.2 de Procedimiento Civil, supra.
Ahora bien, como ya señalamos previamente, surge del escrito en controversia que el petitorio también se realizó al amparo del inciso (4) de la Regla 49.2 de Procedimiento Civil, supra, a saber, nulidad de sentencia. Nuevamente, del escrito surge como planteamiento medular, que el licen-ciado Montañez Delerme es parte indispensable en el pleito de autos, por lo que si no es incluido como tal, ello acarrearía la nulidad de la sentencia. A tales efectos, se arguye que “[c]ualquier sentencia que se dicte contra [la] *548 nulidad [del] testamento y cualquier sentencia que se dicte contra el fiador del Lcdo[.] Emilio A. Montañez Delerme, que está emplazado y es responsable de los daños que pro-ducen estos testamentos, no tiene jurisdicción el Honorable Tribunal si [dicha] parte no está presente”. Apéndice del Alegato de la parte recurrida, Regla 49.2 (inciso 1, 4) — Mo-ción para que se Deje sin Efecto Sentencia Parcial Dictada el 19 de octubre de 2006 y Notificada el 30 de octubre de 2006, pág. 19.
Es innegable, pues, la injerencia que tiene la figura ju-rídica de “parte indispensable” en el presente recurso. En ese sentido, debemos auscultar si la ausencia de una parte indispensable hace asequible relevar una sentencia por nulidad. De concluir en la afirmativa, debemos resolver si en el caso de autos, el licenciado Montañez Delerme es una parte indispensable conforme a la acción de sentencia de-claratoria y nulidad de testamento esbozada en la demanda.
IV
A. La Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, ofrece la definición de lo que es una parte indispensable, disponiendo que se trata de aquella persona que tiene “un interés común sin cuya presencia no pueda adjudicarse la controversia”. Deliz et als. v. Igartúa et als., 158 D.P.R. 403, 432 (2003). Estas personas se harán partes y se acumularán como demandantes o demandadas según corresponda; si una persona que deba unirse como demandante rehusase hacerlo, se podrá unir como demandada. Regla 16.1 de Procedimiento Civil, supra.
En términos más concretos, una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. Deliz et als. v. Igartúa *549 et als., supra, pág. 433; Sánchez v. Sánchez, 154 D.P.R. 645, 678 (2001); Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. 623, 627 (1994). Véase Hernández Colón, op. cit., Sec. 1202, pág. 135. Es decir, los intereses de esa parte “podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio”. Fuentes v. Tribl. de Distrito, 73 D.P.R. 959, 981 (1952). Por eso, el interés común al que hace referencia la susodicha Regla 16.1 de Procedimiento Civil, supra, “no es cualquier interés en el pleito, sino que tiene que ser de tal orden que impida producir un decreto sin afectarlo”. Romero v. S.L.G. Reyes, 164 D.P.R. 721, 733 (2005). Véase, además, Cuevas Segarra, op. cit., T. I, pág. 369. Ese interés común tiene que ser también real e inmediato. Romero v. S.L.G. Reyes, supra; Hernández Colón, op. cit., See. 1203, pág. 136. No puede tratarse de meras especulaciones o de un interés futuro. Deliz et als. v. Igartúa et als., supra, pág. 435.
Cabe destacar que la interpretación adoptada por este Tribunal para determinar quién es una parte indispensable, tiene un alcance restringido. Así, hemos precisado —al interpretar la frase ‘sin cuya presencia no pueda adjudicarse la controversia’— que “excepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que ésta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia”. Mun. de Ponce v. A.C. et al., 153 D.P.R. 1, 16 (2000).
Cónsono con lo anterior, la exégesis de la Regla 16.1 de Procedimiento Civil, supra, y por consiguiente, la determinación de si una parte es o no indispensable, requiere de un enfoque pragmático. Romero v. S.L.G., supra, pág. 732; Deliz et als. v. Igartúa et als., supra, pág. 434. Véanse: Cuevas Segarra, op. cit., pág. 372; Wright, Miller *550 and Kane,(12) supra, Vol. 7, See. 1601, pág. 12. Se requiere una evaluación individual de acuerdo con las circunstan-cias particulares presentes en cada caso, y no la utilización de una fórmula con pretensiones omnímodas. Romero v. S.L.G. Reyes, supra.
La teleología de esta regla es proteger a la persona que no está presente de los efectos legales de la sentencia y evitar la multiplicidad de los pleitos mediante un remedio efectivo y completo. Rodríguez Rodríguez v. Moreno Rodríguez, supra, pág. 627; Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 605 (1989); Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 412-413 (1982). Asimismo, la falta de parte indispensable es un planteamiento que se puede esgrimir por vez primera a nivel apelativo y que el foro en alzada puede sua sponte considerarlo debido a que en ausencia de parte indispensable el tribunal carece de jurisdicción sobre la persona. Romero v. S.L.G. Reyes, supra, pág. 733. Véase In re Vélez Báez, 176 D.P.R. 201 (2009). Por tal razón, la sentencia que se emita en ausencia de parte indispensable es nula. Unisys v. Ramallo Brothers, 128 D.P.R. 842, 859 (1991); Granados v. Rodríguez Estrada II, supra, pág. 603; Hernández Colón, op. cit., See. 1202, pág. 135.
Además, que se omita traer una parte indispensable al pleito acarrea una violación al debido proceso de ley que la cobija. Romero v. S.L.G. Reyes, supra, pág. 733; Deliz et als. v. Igartúa et als., supra, pág. 435. Por eso, si la parte es indispensable, dicha parte tiene que ser traída al pleito por la parte demandante, porque no hacerlo constituye una violación del debido proceso de ley. Granados v. Rodríguez Estrada II, supra, pág. 603. En efecto, la Regla 16.1 de Procedimiento Civil, supra, se fundamenta en la *551 protección constitucional que impide que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 705 (1993); Carrero Suárez v. Sánchez López, 103 D.P.R. 77, 81-82 (1974). Como apunta el tratadista José A. Cuevas Segarra, “[e]sta regla entronca con la cláusula constitucio-nal sobre debido procedimiento de ley”. Cuevas Segarra, op. cit., pág. 369. Así también se ha reconocido en la juris-dicción federal. Véase Britton v. Green, 325 F.2d 377, 382 (10mo Cir. 1963). Véase, además, Wright, Miller and Kane, supra, Vol. 7, Sec. 1602, págs. 22-23.
Es indubitado, pues, que el mecanismo procesal de relevo de sentencia está disponible cuando dicha sentencia se ha dictado en ausencia de una parte indispensable. Dicho razonamiento es cónsono con la normativa proyectada, ya que la omisión de una parte indispensable viola el debido proceso de ley, que al fin y al cabo es un derecho fundamental tutelado por nuestra Constitución. Al tratarse de la violación de un derecho constitucional, el relevo de sentencia se justifica por razón de nulidad de la sentencia. Además, como ya expresamos, una sentencia que se dicte sin una parte indispensable, hace que el tribunal que la dictó carezca de jurisdicción sobre la persona, tornando nula la sentencia, lo que a su vez permite utilizar el vehículo procesal del relevo de sentencia para cuestionar la determinación del foro sentenciador. Véase Vázquez v. López, supra, pág. 724.
Habiendo concluido de tal manera, nos resta determinar si el licenciado Montañez Delerme, conforme a los hechos particulares del caso de autos, es una parte indispensable en la acción interpuesta por los demandantes sobre senten-cia declaratoria y nulidad del testamento. Sólo después de ese análisis podremos determinar si la moción de relevo de sentencia, según el fundamento de nulidad de sentencia, debe concederse o no.
B. Ciertamente, el notario es un custodio de la *552 fe pública notarial que le imparte veracidad, autenticidad y legalidad a los instrumentos públicos y notariales que autoriza. Romero v. S.L.G. Reyes, supra, pág. 734. Por tal razón, un notario al autorizar un documento, presuntiva-mente da fe pública y asegura que ese documento cumple con todas las formalidades que exige la ley (sean de forma o sustantivas), que el documento es legal y verdadero, y que se trata de una transacción válida y legítima. In re González Maldonado, 152 D.P.R. 871, 895 (2000); In re Feliciano Ruiz, 117 D.P.R. 269, 275 (1986). Véase C.R. Urrutia de Basora y L.M. Negrón Portillo, Curso de Derecho Notarial Puertorriqueño, 3ra ed., San Juan, Ed. Situm, 2005, pág. 84.
A su vez, el abogado notario, en el desempeño de su gestión notarial, está obligado a cumplir con los deberes que le impone la propia ley, los cánones del Código de Etica Profesional y el contrato entre las partes. El incumplimiento de esos deberes expone al notario a una posible acción en daños por los perjuicios causados y a la jurisdicción correctiva y disciplinaria de este Foro. In re Cruz Tollinche, 114 D.P.R. 205, 207 (1983). La responsabilidad civil del notario por los daños que cause la violación de los deberes notariales se extiende a terceros que hayan sufrido daños a consecuencia de las acciones de éste, ya sea en su función de asesoramiento o de instrumentar el documento. Romero v. S.L.G. Reyes, supra, págs. 734-735.
Por otro lado, sabido es que la acción para que se declare nulo un testamento abierto es de la incumbencia exclusiva de los tribunales. Nótese que el Art. 636 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2152, dis-pone que un testamento será nulo si no se observan las formalidades que para su cumplimiento exige la ley y sobre ello, este Tribunal ha sostenido que “la apreciación de si en un testamento se han cumplido o no las formalidades legales es materia que incumbe a los tribunales”. In re López Toro, 146 D.P.R. 756, 771 (1998); Paz v. Fernández, 76 *553 D.P.R. 742, 752 (1954). Nótese que el propio Art. 655 del Código Civil de Puerto Rico, supra, reconoce que el testa-mento abierto tiene que ser declarado nulo, cuando no se observan las solemnidades establecidas, antes de que se pueda llevar una acción civil contra el notario autorizante. Es decir, dicho articulado reconoce, en primer lugar, que es el tribunal el facultado a declarar nulo un testamento, y en segundo lugar, que existe una prelación entre la acción de nulidad testamentaria y la acción civil que se desee llevar contra un notario por los perjuicios que haya ocasionado si su falta procediese de malicia, negligencia o ignorancia inexcusable.
En ese sentido, nuestro ordenamiento jurídico reconoce que todo documento público goza de una presunción de legalidad y veracidad que debe ser rebatida por quien impugne su validez. Deliz et als. v. Igartúa et als., supra, pág. 437 esc. 17. Por eso, no es necesario que el notario autorizante comparezca a probar esa misma legalidad y certeza. El peso de la prueba recae sobre quien impugna la validez de ese documento, y en ausencia de evidencia en contrario dicha presunción prevalecería. Id.
En el pasado, este Tribunal tuvo la oportunidad de enfrentarse a un caso que planteaba una controversia similar a la aquí presente. Dicho caso fue Deliz et als. v. Igartúa et als., supra. En tal precedente, una de las cuestiones por resolver (al igual que en el presente caso) era, si “el notario autorizante de un documento impugnado [testamento] debe ser parte indispensable en el procedimiento donde se cuestione la validez de dicho documento”. Id., pág. 432. En dicho caso, el notario en cuestión no cumplió con ciertas formalidades de fondo exigidas por el ordenamiento jurídico para la validez de un testamento.(13) Allí, *554 este Tribunal resolvió en lo pertinente, que en un pleito en que se impugne la validez de un testamento otorgado ante notario, este último no es parte indispensable por razón de que el posible perjuicio o lesión que pueda sufrir no es real e inmediato. Id., pág. 438.
El ratio decidendi empleado por este Tribunal para lle-gar a esa conclusión, fue que en cualquier caso de esa na-turaleza, en que se decrete la nulidad de un testamento otorgado ante notario, dicha determinación no conllevaría obligatoriamente perjuicio para el notario. Esto debido a que el perjudicado por la determinación judicial, podría no presentar acción judicial en daños y perjuicios contra el notario y aun si lo hiciere, dicho perjudicado tendría que demostrar que la falta en que incurrió el notario provino de su malicia o negligencia o ignorancia excusable conforme al Art. 655 del Código Civil de Puerto Rico, supra.(14) Así, el posible perjuicio o la lesión del notario, son contingentes a que en el futuro ocurran una serie de eventos y circunstan-cias que no necesariamente tienen que darse. Deliz et als. v. Igartúa et als., suprá, págs. 436-438.
A posteriori, lo sostenido en Deliz et als. v. Igartúa et als., supra, fue ratificado en Romero v. S.L.G. Reyes, supra,(15) Allí este Foro expuso:
El notario autorizante no se verá privado de su derecho al debido proceso de ley por no ser parte en la acción para anular [un] contrato, ya que su interés aún no se ha concretado y depende, por el contrario, de un sinnúmero de factores que podrán manifestarse, si acaso, luego de ser final y firme la *555 anulación del contrato por simulación. Incluso, de presentarse una acción disciplinaria o una acción civil contra el notario a raíz de esa determinación, habrá que dilucidar si éste es res-ponsable conforme a la normativa aplicable. Por lo tanto, en el caso de autos el notario no constituye una parte sin cuya pre-sencia “no pued[a] dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos”. (Ci-tas omitidas.) íd., pág. 736.
Por su parte, en el caso de autos el documento impug-nado ante el tribunal es un testamento autorizado por un notario. Asimismo, se alega como razón de nulidad el in-cumplimiento de una formalidad para la validez del testamento.(16) La única diferencia que podemos destacar entre el caso ante nuestra consideración y el de Deliz et als. v. Igartúa et als., supra, es que en éste se incluyeron ase-veraciones en la demanda que imputaban negligencia al licenciado Montañez Delerme.(17)
Alegaron los demandantes que el licenciado Montañez Delerme no cuestionó la calificación registral que hizo el Registrador de la Propiedad luego de que éste se negara a inscribir el testamento del Sr. Efraín Rodríguez García. Se-ñalan que, en su lugar, sin considerar las consecuencias para algunos de los herederos voluntarios, el licenciado Montañez Delerme decidió obtener la declaratoria de here-deros del causante Rodríguez García. De esa manera, afectó, al menos, a la demandante (recurrida) Helga del Valle Torres, ya que la privó del tercio de libre disposición que Rodríguez García le había dejado en su testamento. Es decir, que existía un daño real y concreto contra Helga del Valle Torres. Además, los demandantes le peticionaron al foro de instancia que le reservara una acción en daños y *556 perjuicios contra el licenciado Montañez Delerme, a base del Art. 655 del Código Civil de Puerto Rico, supra, de dicho foro determinar que el testamento era nulo.
No obstante lo anterior, es relevante destacar que en el caso sub judice la acción incoada por los demandantes (que atañe a la controversia ante nuestra consideración), bus-caba específicamente que el Tribunal de Primera Instancia decretara la nulidad del testamento autorizado por el li-cenciado Montañez Delerme debido a que éste no hizo constar que conocía personalmente a los testigos instrumentales. Siendo la acción una que persigue el que se anule un testamento, no vemos cómo pueda haber al-guna diferencia entre lo que este Tribunal ha resuelto so-bre la acumulación de un notario como parte indispensable cuando se impugna la validez de un testamento o docu-mento público, y la controversia ante nuestra considera-ción. (18)
Como ya mencionamos, la doctrina de parte indispensable se enfoca en el interés real e inmediato que pueda tener esa parte en la controversia y que pueda verse afectado si no se le permite participar en el pleito. Por ende, el interés por considerar y así considerado en el caso de autos, fue el del licenciado Montañez Delerme. Luego de tal consideración, creemos que el licenciado Montañez Delerme no es parte indispensable en la acción para anular el *557 testamento que autorizó. Su interés en dicha controversia no es real ni inmediato, sino contingente respecto a la con-secuencia de la acción instada. Su interés no se ha concre-tado y depende de distintos factores que podrían materia-lizarse luego de ser final y firme la anulación del testamento. Aun al amparo de los hechos de este caso, en que es palmario que la parte demandante desea reservar una acción civil contra el licenciado Montañez Delerme, el tribunal todavía tendría que dilucidar si la falta cometida por éste provino de su malicia, negligencia o ignorancia inexcusable. Es decir, todavía es incierto si el licenciado Montañez Delerme está obligado a responder civilmente por su actuación. Abona a esa incertidumbre el hecho de que este Tribunal, en el caso Suc. Caragol v. Registrador, 174 D.P.R. 74 (2008), ya resolvió que un notario no tiene la obligación de hacer constar en un testamento que conoce a los testigos instrumentales y mucho menos tiene que dar fe expresa sobre dicho conocimiento. Su identificación se reduce a la constancia de su nombre y circunstancias perso-nales, según sus dichos. Id. Eso significa que los funda-mentos esbozados por los demandantes para procurar la anulación del testamento en cuestión, se enervan, puesto que sus alegaciones precisamente apuntan que el licen-ciado Montañez Delerme incurrió en una falta al no dar fe de conocer a los testigos instrumentales.
Es por eso que, en consideración a lo expuesto, resolve-mos que el licenciado Montañez Delerme no es parte indispensable en la acción de sentencia declaratoria y nulidad de testamento instada por los demandantes. Como corola-rio, la sentencia dictaminada por el foro de instancia no infringió el debido proceso de ley del peticionario, por lo que no procede la moción de relevo de sentencia solicitada por los demandantes.
*558 V
Por los fundamentos expuestos, se revoca la sentencia recurrida emitida por el Tribunal de Apelaciones y se reinstala la Sentencia Parcial del Tribunal de Primera Ins-tancia que desestimó la demanda contra el licenciado Mon-tañez Delerme. Por lo tanto, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedi-mientos en conformidad con lo aquí resuelto.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez emitió una opinión de conformidad, a la que se unió el Juez Pre-sidente Señor Hernández Denton. La Jueza Asociada Se-ñora Fiol Matta concurrió sin opinión escrita.
— O —
Opinión de conformidad emitida por la
Juez Asociada Se-ñora Rodríguez Rodríguez,
a la que se une el Juez Pre-sidente Señor Hernández Denton.
Concurro con el resultado a que llega este Tribunal en la opinión que hoy se certifica, pero considero que el análisis que esboza es producto de una delimitación errónea de la controversia ante nuestra consideración. Además, soy del criterio que los hechos en este caso pudieron resolverse apropiadamente a través de una sentencia. Lo único que teníamos ante nuestra consideración era si procedía conce-der o denegar la moción de relevo de sentencia que pre-sentó ante el foro primario la parte demandante. La Opi-nión del Tribunal, no obstante, se adentra a examinar “si una sentencia que se alega es nula por falta de parte indispensable, puede justificar el que se releve una sentencia al amparo de la Regla 49.2 de Procedimiento Civil”. Como veremos a continuación, dicha controversia es creada por *559 el propio Tribunal, pues no existe problema alguno de au-sencia de parte en la sentencia cuyo relevo se solicita.
I
Los hechos pertinentes a la controversia ante nuestra consideración son relativamente sencillos. La Sra. Mercedes García Colón y la Sucesión del Sr. Efraín Rodríguez García, representada por sus miembros, presentaron una demanda contra la Sucesión del Sr. Gabriel González Couvertier, representada por sus miembros y contra el Ledo. Emilio A. Montañez Delerme. Alegaron, entre otras reclamaciones, que los testamentos autorizados por el li-cenciado Montañez Delerme eran nulos, puesto que dicho notario no dio fe de conocer personalmente a los testigos instrumentales. El licenciado Montañez Delerme presentó una moción de desestimación. Argüyó que, según la juris-prudencia de este Tribunal,(1) el notario autorizante de un testamento no era parte indispensable en una acción en la cual se cuestione la validez de éste. El Tribunal de Primera Instancia acogió los argumentos del licenciado Montañez Delerme y, el 19 de octubre de 2006, emitió una sentencia parcial desestimando la acción que pendía en su contra.(2)
Los demandantes, en lugar de recurrir de dicha senten-cia parcial al Tribunal de Apelaciones, presentaron una so-licitud de relevo de sentencia ante el foro de instancia al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El Tribunal de Primera Instancia, correc-tamente, denegó dicha petición, pues no se configuraba ninguno de los fundamentos expuestos en la regla para relevar una sentencia. Además, la petición de relevo de *560 sentencia en este caso se trataba, a todas luces, de una sustitución de los procedimientos apelativos correspon-dientes, mediante la presentación de una moción al am-paro de la Regla 49.2, lo cual no procede según hemos ex-presado anteriormente. Véanse: Reyes v. E.L.A. et al., 155 D.RR. 799, 810 (2001); Pagán v. Alcalde Mun. de Cataño, 143 D.RR. 314, 327 (1997). Sin embargo, el Tribunal de Apelaciones, al revisar dicha determinación, revocó al foro de instancia. El foro intermedio se adentró en la controver-sia sobre la corrección de la desestimación de la demanda contra el licenciado Montañez Delerme y no atendió el asunto que realmente tenía ante su consideración, esto es, si existía alguno de los fundamentos de la Regla 49.2 que sustentara el relevo de dicha sentencia parcial.
Por lo tanto, la controversia que teníamos ante nuestra consideración era determinar si había errado el Tribunal de Apelaciones al ordenar el relevo de la sentencia parcial desestimatoria de acuerdo con los fundamentos expuestos en la Regla 49.2. La opinión que emite el Tribunal hoy, como expresamos anteriormente, más allá de resolver dicha controversia, discute si es posible utilizar la Regla 49.2 de relevo de sentencia para relevar una sentencia nula por ausencia de parte indispensable y, si en este caso, el licen-ciado Montañez Delerme era parte indispensable en la acción. El razonamiento de la Opinión, no obstante, sos-laya el hecho de que en la sentencia cuyo relevo se solicitó en el Tribunal de Primera Instancia, no hay ausencia de parte indispensable; de hecho, no hay ausencia de parte alguna.
II
Como sabemos, una parte indispensable es “aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, es-tando esta persona ausente del litigio”. (Enfasis nuestro.) *561 Pérez Rosa v. Morales Rosado, 172 D.P.R. 216, 222 (2007), citando a J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. 1, pág. 371. La falta de parte indispensable incide sobre la jurisdicción del Tribunal, y hemos expresado que, reconocida la ausencia de una parte indispensable, debe desestimarse la acción. Pérez Rosa v. Morales Rosado, supra. Este Tribunal ha ex-presado en innumerables ocasiones que una sentencia dic-tada en ausencia de una parte indispensable es nula. Unisys v. Ramallo Brothers, 128 D.P.R. 842, 859 (1991); Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 603 (1989).
Siguiendo un orden adjudicativo lógico, la pregunta de umbral al examinar la alegada nulidad de una sentencia por falta de parte indispensable es, desde luego, determi-nar si está ausente alguna parte cuyos intereses puedan verse inevitablemente afectados por dicha sentencia. En el caso de autos, debemos contestar dicha pregunta en la negativa. La sentencia que los demandantes solicitaron re-levar fue la sentencia parcial desestimatoria del pleito en contra del licenciado Montañez Delerme. Al momento cuando dictó dicha sentencia parcial, no había ausencia de parte alguna en el pleito. Al contrario, el argumento del licenciado Montañez Delerme era que éste no era parte indispensable, por lo que debía desestimarse la acción en su contra, como eventualmente lo hizo el foro de instancia. Por lo tanto, es un error de la Opinión entrar a dilucidar si procedía que se relevara la sentencia parcial dictada por ausencia de parte indispensable, pues al ésta dictarse, es-taban todas las partes en el pleito, indispensables y permisibles. No se alegó que en la sentencia parcial estu-viese ausente alguna de las partes. Igualmente, no existía peligro alguno de que la sentencia parcial dictada por el foro de instancia, solicitada por el mismo licenciado Mon-tañez Delerme, le violara el debido proceso a éste como parece entender la mayoría, no porque éste no fuera parte *562 indispensable, sino porque éste no estaba ausente del pleito al momento de dictarse la misma.
No existiendo falta de parte en relación con la sentencia cuyo relevo se solicitó, es superflua toda la discusión que esboza la Opinión sobre parte indispensable y el relevo de una sentencia por nulidad de ésta según el inciso cuatro (4) de la Regla 49.2 de Procedimiento Civil. El inciso cuatro (4) de la Regla 49.2 está diseñado para relevar una sentencia nula por cualquier motivo, siempre que ésta se presente dentro del término fatal de seis meses. Bco. Santander P.R. v. Fajardo Farms Corp., 141 D.P.R. 237 (1996). Por ser nula una sentencia dictada en ausencia de parte indispensable, como expresamos anteriormente, es evidente que, por operación mecánica de las Reglas de Procedimiento Civil, el inciso (4) de la Regla 49.2 está disponible para rele-var una sentencia con dicho defecto. (3)
Si lo que le preocupaba a la mayoría era el efecto de la desestimación del pleito contra el licenciado Montañez De-lerme en la sentencia que eventualmente recaiga en la ac-ción de nulidad de los testamentos, entonces no se trataba de examinar la nulidad de la sentencia parcial desestima-toria por falta de parte indispensable, sino preguntarse si existía "cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia” según lo establece el inciso (6) de la Regla 49.2. Entonces el asunto planteado sería si el mecanismo de la Regla 49.2 está dis-ponible para dejar sin efecto una sentencia parcial me-diante la cual se excluye del proceso a una parte indispensable.
*563 Así entendida la controversia, el análisis adecuado era examinar, primeramente, si se excluyó a una parte indispensable para luego resolver si la Regla 49.2 es el meca-nismo adecuado para dejar sin efecto tal determinación. No obstante, puesto que ya este Tribunal, como reconoce la Opinión, ha resuelto que un notario no es parte indispensable en la acción de nulidad de un testamento que auto-rice, entonces es forzoso concluir que tampoco existía razón alguna que justificara el relevo de la sentencia parcial.
En suma, soy del criterio que este caso pudo haberse resuelto a través de una sentencia. Sólo teníamos que re-visar la corrección de la determinación del Tribunal de Apelaciones de revocar al Tribunal de Primera Instancia al denegar la moción de relevo. No existe duda de que el foro de instancia actuó correctamente, pues la presentación del relevo de la sentencia parcial por parte de los demandan-tes fue utilizado como sustituto de los procedimientos ape-lativos correspondientes, en abierta contravención contra nuestros precedentes y con el espíritu y funcionalidad de la Regla 49.2. El análisis de la mayoría, además de ser inne-cesario, es errado de acuerdo con los fundamentos expues-tos anteriormente. No obstante, concurro con el resultado de la Opinión del Tribunal por ser correcto al revocar al Tribunal de Apelaciones.

 Como veremos más adelante, hubiésemos llegado a la misma conclusión a la que hemos llegado, si nuestro análisis se hubiese limitado a afirmar que la moción de relevo de sentencia, presentada por la parte demandante, no era ni podía entenderse como un sustituto adecuado de los procedimientos apelativos. No obstante, como surge de la opinión, puede haber circunstancias en que los planteamientos que mo-tiven la moción de relevo de sentencia, por su repercusión sobre las partes, no sólo requieran una ponderación más sosegada de los argumentos presentados en dicha moción, sino que podrían acarrear la necesidad de relevar una sentencia, aunque se trate de una controversia de derecho y aunque hayan transcurrido los términos para apelar.
En el caso de autos, nos toca resolver, inter alia, si una sentencia que se alega es nula por falta de parte indispensable, puede justificar el que se releve una sentencia al amparo del inciso (4) de la Regla 49.2 de Procedimiento Civil, infra. Máximo, cuando según expondremos más adelante, bajo ese inciso, no existe ni siquiera un término para dejar sin efecto la sentencia y además, el tribunal no tiene discreción, puesto que si la sentencia es nula, tiene que dejarla sin efecto.
Por otro lado, no hemos encontrado ningún precedente en el cual este Tribunal haya discutido con detenimiento la Regla 49.2 de Procedimiento Civil, infra, según el fundamento de nulidad de sentencia por falta de parte indispensable. En atención a todo lo anterior, decidimos que la controversia ante nos no debía ser despachada con liviandad, por lo que decidimos resolverla mediante una opinión.

 Apéndice de la Petición de certiorari, Escritura Núm. 15 de 9 de febrero de 1989, pág. 59.

 Dicho precepto le impone responsabilidad al notario por los daños que pu-diera causar su gestión negligente si un testamento autorizado por él fuera declarado nulo.

 Surge de autos que los demandantes presentaron oposición al escrito seis días antes de notificarse la Sentencia Parcial del Tribunal de Primera Instancia.

 Véanse, también: 12 Moore’s Federal Practice See. 60.44(l)(b), pág. 60-151 (3d ed. 2009); T.A. Coyne, Federal Rules of Civil Procedure, 2da ed., Minnesota, West Group, 2000, Sec. VII-74; Kooman, Fed.Civ.Prac., Sec. 60.06, pág. 246 (1975). En estos casos se discute la Regla 60(b)(4) de Prodecimiento Civil Federal, que es análoga a nuestra Regla de Procedimiento Civil 49.2(4), supra.

 Destaca el autor Harold A. Kooman en su obra Federal Civil Practice, que: “An important distinction must be kept in mind in considering the voidness of a judgment as a ground for relief. Avoid judgment is theoretically no judgment at all, is legally ineffective, and creates no rights or obligations.” Kooman, supra, Sec. 60.06, pág. 246.

 Véase Moore, supra, Sec. 60.44(5)(a), pág. 60-163.

 Dicha regla lee, en lo pertinente:
“La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de notificación de la resolución u orden ... presentar una moción de reconside-ración de la resolución, orden o sentencia ....”
El término de quince días para presentar la solicitud de reconsideración que dispone la citada Regla 47, es un término jurisdiccional. Vega v. Alicea, supra, pág. 240.

 La parte demandante planteó como único error ante el Tribunal de Apelacio-nes que el foro de instancia erró al no dejar sin efecto la sentencia parcial, a pesar de que los testamentos otorgados por el licenciado Montañez Delerme adolecían de de-fectos que ya le habían ocasionado daños a ciertos herederos. Apéndice de la Petición de certiorari, Sentencia del Tribunal de Apelaciones, 4 de enero de 2008, pág. 7.

 Cabe señalar, que el Tribunal de Apelaciones omitió discutir en su sentencia si la moción de relevo de sentencia era o no procedente a base de alguna de las circunstancias aducidas por la parte demandante, según comprendidas en la Regla 49.2 de las Reglas de Procedimiento Civil, supra. A contrario sensu, dicho foro evaluó la controversia desde el crisol de una moción de desestimación, planteando, inter alia, que la controversia se limitaba a evaluar si el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda contra el notario según los hechos específicos del caso alegados en la demanda.
En alzada la revisión no va dirigida a la sentencia que puede ser ejecutada; trata sobre la facultad discrecional del juez de instancia al conceder o denegar una solicitud post sentencia. Esto es, el Tribunal de Apelaciones en su función revisora debía determinar si la magistrada de instancia había abusado o no de su discreción al denegar el petitorio de la parte demandante. En ese sentido, el foro apelativo intermedio hizo abstracción de que la única cuestión a resolver era si la parte pro-movente satisfacía los requisitos estatutarios y jurisprudenciales de la Regla 49.2 de Procedimiento Civil, supra. Al así actuar, se sumergió en la discusión de los méritos del caso, desviándose del sesgo que debía seguir dentro de su función revisora.

 Recordamos que dicha acción busca que el foro de instancia determine si el testamento autorizado por el licenciado Montañez Delerme es nulo para que, de ser así, le reserve la acción que establece el Art. 655 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2192, concerniente a la responsabilidad del notario cuando se declara nulo un testamento que éste ha autorizado.

 Los comentarios expuestos por estos tratadistas tienen fuerza persuasiva debido a que se basan en la interpretación de la Regla 19.1 de Procedimiento Civil Federal, que es de la cual emana nuestra Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

 El incumplimiento del notario consistió en no dar fe de conocer personal-mente a la testadora. Allí este Tribunal resolvió que la omisión de dicho requeri-miento es una formalidad de fondo cuya omisión no podía ser subsanada mediante la presentación de prueba extrínseca. Además, como en dicho caso tampoco se cumplió *554 con las solemnidades exigidas para el método supletorio de identificación, se sostuvo la nulidad del testamento.

 Dicho artículo dispone que: “[d]eclarado nulo un testamento abierto, por no haberse observado las solemnidades establecidas para cada caso, el notario que lo haya autorizado será responsable de los daños y perjuicios que sobrevengan, si la falta procediere de su malicia o de negligencia o ignorancia inexcusables.” Art. 655 del Código Civil de Puerto Rico, supra.

 En Romero v. S.L.G. Reyes, 164 D.P.R. 721 (2005), se trataba de una acción dirigida a anular un contrato de compraventa simulado, autorizado por un notario. La parte peticionaria adujo que el notario autorizante de la escritura de compra-venta era parte indispensable.

 En el caso de autos, la razón de nulidad consiste en que el notario Montañez Delerme no hizo constar en el testamento que conocía personalmente a los testigos instrumentales.

 En Deliz et als. v. Igartúa et als., 158 D.P.R. 403 (2003), no existía en la demanda alegación alguna contra el notario. De hecho, los peticionarios en ese caso no tenían una causa de acción contra el notario autorizante por no ser ellos parte pequdicada de su gestión profesional.

 Nótese que aunque el licenciado Montañez Delerme instó una solicitud de declaratoria de herederos, sobre la cual se emitió una resolución por el tribunal que tuvo el efecto de privar del tercio de libre disposición a la recurrida Helga del Valle Torres, la acción pertinente incoada por la parte demandante lo que pretende es que el testamento que autorizó el licenciado Montañez Delerme sea declarado nulo por el Tribunal de Primera Instancia. Es decir, la cuestión por resolver se reduce a auscul-tar si el licenciado Montañez Delerme es o no parte indispensable en el pleito de nulidad del testamento. Es sobre ese pleito que nos corresponde pasar juicio en torno a su indispensabilidad. De ahí que la interrogante de si el notario actuó o no correc-tamente al solicitar la declaratoria de herederos es un asunto independiente al re-curso ante nuestra consideración. Por ende, no vemos la necesidad de apartarnos de lo resuelto por este Tribunal en Romero v. S.L.G. Reyes, supra, y Reliz et als. v. Igartúa et als., supra, donde como bien vimos, se trataba de acciones que buscaban anular un documento público.

 Deliz et als. v. Igartúa et als., 158 D.P.R. 403 (2003); Romero v. S.L.G. Reyes, 164 D.P.R. 721 (2005).

 No emito juicio sobre la corrección de dicha desestimación. No obstante, véanse las Reglas 14.1, 14.2 y 17.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre acumulación de reclamaciones, acumulación de reclamaciones contingentes y acu-mulación permisible de partes.

 Además, cuando nos enfrentamos a un planteamiento de ausencia de parte indispensable en relación con una controversia que ha sido adjudicada, debe deter-minarse, primeramente, si hubo una parte ausente y si ésta era indispensable para la adjudicación del asunto, para luego examinar si determinado mecanismo es ade-cuado para corregir dicha anomalía. La Opinión del Tribunal realiza un análisis inverso, pues primero resuelve que el mecanismo según la Regla 49.2 de relevo de sentencia es el adecuado para relevar una sentencia nula, para luego resolver, con-forme a la jurisprudencia del Tribunal, que el licenciado Montañez Delerme no era parte indispensable.